FILED

2008 Jan-28  PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| ATLANTIC NATIONAL TRUST, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. 2:06-cv-00142-HGD |
| | ) | |
| JACK McNAMEE, | ) | |
| | ) | |
| Defendant | ) | |

## <u>MEMORANDUM OPINION</u>

The above-entitled civil action is before the court on the motion for summary judgment filed by plaintiff, Atlantic National Trust LLC (Atlantic).  (Doc. #7). Plaintiff filed briefs and evidence in support of its motion (Docs. #8, 9, 16, 17 & 27), and defendant filed a response and a surreply.  (Docs. #14 & 22).

Plaintiff, Atlantic National Trust, LLC, filed this action to collect on a promissory note executed by defendant, Jack McNamee.  On or about December 22, 2003, SouthTrust Bank (now Wachovia Bank) made a loan to defendant in the amount of $150,000.  Defendant signed a promissory note with regard to the loan. The note provided for an initial interest rate on the loan of 4.5%.[1]  The note also

---

[1] The note further provided for a variable interest rate of .5% over an Index rate established by the lender.

provided that if the lender had to hire someone to help collect on the note in the event of default, the borrower would have to pay the lender for attorney's fees and expenses.

At some point after the execution of the note, SouthTrust Bank (Wachovia Bank) misplaced, lost ,or destroyed the original note.  The loan matured on August 5, 2005.  Wachovia assigned the note to plaintiff on December 21, 2005.  Plaintiff made a demand on defendant for payment, but defendant has not repaid the loan in full. The principal balance remaining on the loan is $138,620, with interest accrued as of March 1, 2006, of $13,339.67 and accruing at the rate of $33.96 per diem.  Plaintiff also claims defendant owes fees and costs under the note.

In support of its motion for summary judgment in this action, Atlantic submitted the affidavit of Daniel Sisk, one of its Asset Managers, to which is attached as an exhibit a lost note affidavit dated December 21, 2005.  The lost note affidavit is executed by Terri Odom, an Assistant Vice President of Wachovia, and states that she reviewed the files pertaining to the note executed on December 22, 2003, by Jack McNamee in favor of SouthTrust Bank for the principal amount of $150,000.  She further states that after the note was executed and delivered by the borrower, it was misplaced, lost or destroyed.  The affidavit states that the original note could not be found after diligent search and inquiry, but that a true, correct and complete copy of

the note is attached to the lost note affidavit.  The affidavit assigns the note to Atlantic National Trust.

In opposition, defendant asserted that under Alabama law, because Wachovia did not have possession of the original note at the time it assigned the note to Atlantic National Trust, it had no right to enforce the note and, thus, neither does Atlantic National Trust.  In addition, defendant asserted that because Atlantic National Trust never had possession of the note, it cannot enforce it.  Defendant contended that plaintiff is barred from enforcing the promissory note based upon Ala. Code § 7-3-309(a).  Defendant also disputed Daniel Sisk's calculation of the amount owed, contending the evidence was not based on his personal knowledge and could not properly have been contained in Atlantic's records because the promissory note was lost before its transfer to Atlantic.

In rebuttal, Atlantic submitted the affidavit of Thomas Crawford, Vice President of Wachovia Bank.  (Doc. #17).  He was responsible for the collection of the promissory note at issue prior to its assignment to Atlantic.  Crawford states that the note matured on August 5, 2005.  On that date, the total principal balance was $138,619.95 with accrued interest in the amount of $7,074.43.

Plaintiff also submitted the affidavit of Jason Woodard, an associate with Burr & Forman, counsel for Atlantic.  (Doc. #27).  Mr. Woodard states that as of

October 9, 2006, Atlantic had incurred legal fees of $20,610.40 and expenses of $2,309.58.  He estimated another $1,000 in legal fees would be incurred for further representation in this case, for a total of $23,919.98 in prejudgment fees and expenses.

Section 7-3-309(a) of the Alabama Code, which codifies Uniform Commercial Code § 3-309, provides:

> (a) A person not in possession of an instrument is entitled to enforce the instrument if (i) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (ii) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (iii) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

At the time the motion for summary judgment was originally submitted for decision, the Alabama courts had not addressed whether an entity can transfer its right to enforce a lost instrument.  It was essential to the outcome of this action to determine whether Wachovia's lack of possession of the original note at the time it assigned the note to Atlantic National Trust would prevent Atlantic from collecting on the note from Jack McNamee.  Therefore, this court certified the following question to the Alabama Supreme Court:  Whether an assignee of a promissory note who was not in possession of the note at the time it was misplaced, lost, or destroyed may enforce the

note, or whether a party who is entitled to enforce a lost instrument may assign its rights to enforce the instrument, in light of the provisions of Ala. Code § 7-3-309(a)?

On October 5, 2007, the Alabama Supreme Court answered the certified question in the affirmative, holding that "an assignee of a promissory note that was not in possession of the note at the time it was misplaced, lost, or destroyed may enforce the note under § 7-3-309 if, before the assignment, the assignor was entitled to enforce the note under § 7-3-309." *Atlantic Nat'l Trust, LLC v. McNamee*, 2007 WL 2898263 *4 (Ala. Oct. 5, 2007).

After the Alabama Supreme Court issued its answer to the certified question, plaintiff notified the court that it sought a ruling on its outstanding motion for summary judgment. Defendant was afforded the opportunity to file opposition to the motion for summary judgment, but no response ever was filed beyond that submitted prior to the certification of the question to the Alabama Supreme Court.

Defendant's main opposition to the motion for summary judgment was based on his interpretation of § 7-3-309(a). Now that the Alabama Supreme Court has rejected that interpretation, defendant has no defense to enforcement of the note. He does not dispute that he signed the note, that he is in default or that he is obligated to pay the sums still due and owing under the note, including interest, attorney fees and expenses. He has not come forward with any competent evidence to contradict the

amount of principal, interest, fees and expenses claimed by plaintiff.  The court finds that the affidavits of Daniel Sisk and Thomas Crawford are sufficient to establish the amounts owed by defendant under the note.

Accordingly, the court finds that summary judgment is due to be entered in favor of plaintiff and against defendant on the promissory note, as follows:

(1)     Principal balance of $138,619.95;

(2)     Interest as of the date of entry of this Memorandum Opinion of $37,043.75 (based on interest accrued of $13,339.67 as of March 1, 2006, with further interest accruing at the rate of $33.96 per diem); and

(3)     Attorney's fees and expenses of $23,919.98.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 28th day of January, 2008.

HARWELL G. DAVIS, III
UNITED STATES MAGISTRATE JUDGE